ROBERT B. PEEBLES v. THE PATAPSCO GUANO COMPANY.

*Action for Deceit --Corporation--Fraud of Agent--Judgment of Court of another State.*

1. An action for damages for deceit will lie against a corporation.

2. A corporation is liable for false and fraudulent representations made by its agents.

3. Where in an action for damages against a corporation for deceit, the jury found that the defendant's agent falsely represented to the plaintiff that a spurious article was the genuine Patapsco guano, the defendant corporation being the manufacturer of such guano; *Held,* that such representation was necessarily *fraudulent in law,* and the plaintiff was entitled to recover.

4. A judgment in a proceeding by attachment in a Court of another State is conclusive evidence that the debt sued on was due to the plaintiff in such action to the value of the property attached, but of nothing else.

(*Meares* v. *City of Wilmington,* 9 Ire. 73, *Lewis* v. *City of Raleigh, ante,* 229, cited and approved.)

CIVIL ACTION for Damages tried at Spring Term, 1877, of NORTHAMPTON Superior Court, before *Buxton, J.*

The plaintiff complained that the defendant had contract-ed to deliver to him at Garysburg, N. C., sixteen tons of a commercial fertilizer known as "Patapsco Guano," and that instead of delivering the said article, the defendant delivered a spurious article, which defendant's agent falsely and fraudulently represented to be the genuine Patapsco Guano, and by reason thereof he was damaged to the amount of $475.

Upon the question of damages, the plaintiff proved that the defendant had attached cotton belonging to plaintiff in the hands of plaintiff's commission merchant in Norfolk, Virginia, and recovered $130 (in addition to the costs of the suit) which was applied as a credit upon plaintiff's note given for the price of the guano. No personal service was made upon the plaintiff. The defendant asked the Court to charge, that the jury could not consider this $130 in estimating the damages. The Court declined the instruction and the defendant excepted.

The other damages proved by plaintiff amounted to $72. The jury found the answers to the issues submitted as follows:

1. Was the article, of which sixteen tons were sold to plaintiff in 1873, the commercial fertilizer usually known as "The Patapsco Guano," or was it a spurious article? Ans. We agree it was a spurious article.

2. Did said article correspond in analysis with the analysis marked on the bags in which it was contained? Ans. It did not.

3. Did the defendant's agents or any of them falsely and fraudulently represent to the plaintiff that the article sold was the genuine and valuable Patapsco Guano? Ans. It was falsely represented.

4. What damage has the plaintiff sustained, if any? Ans. $202 with interest from February 4th, 1874.

Judgment for plaintiff for $202 and interest. Appeal by defendant.

*Messrs. Busbee & Busbee* and *W. W. Peebles*, for plaintiff.
*Messrs. D. A. Barnes, J. B. Batchelor* and *Merrimon, Fuller & Ashe*, for defendant.

RODMAN, J. The plaintiff alleges that he purchased of the defendant, sixteen tons of an article well known to the trade by the name of Patapsco Guano; that the article which he received was not what was known in the trade as Patapsco Guano, but a different and worthless article; that on each bag of the article which he received there was printed what purported to be a chemical analysis of the article, purporting to give the percentage of ammonia, phosphate, &c., in the article, but that this representation was false and fraudulent, and that the article delivered did not contain the percentage represented of those valuable ingredients. He says that the identity of the article with what it was represented to be, could not be told by inspection, or otherwise than by using it on his crop, in which use it was necessarily destroyed, and he claims damages.

The defendants admit that it sold to the plaintiff sixteen tons of Patapsco Guano, and alleges that the article which it delivered was the article known in the trade by that name, and that it did contain the percentage of valuable matters stated in the labels on the bags. The jury found that the article delivered was not the genuine Patapsco Guano but a spurious article, and that it did not contain the percentage of ammonia and phosphates stated in the labels. They assessed the plaintiff's damages at $202 of which $72 was for what he called actual damages, and $130 was for that sum which the defendant had made by attachment upon certain cotton of the plaintiff, which it found in Maryland.

There was judgment accordingly and the defendant appealed.

1. The counsel for the defendant contends that this action is to recover damages for a fraud and deceit by the defendants and that such an action cannot be maintained against a corporation.

Under our present system of pleading the action may as well be considered as being for damages for a breach of warranty as for deceit. But if we take it as the latter, we think it must be considered as settled in this State, and generally in America, that an action of tort will lie against a corporation. This was held in *Meares v. City of Wilmington,* 9 Ire. 73, and in *Lewis* v. *City of Raleigh, ante,* 229. The cases to the same effect in other States are very numerous, and it was, at least until the decision in *Western Bank of Scotland* v. *Addie,* 1 L. R. 1, (same case cited by Mr. Fuller from Benjaman on Sales,) the received law in England as is shown by the case of *Barwick* v. *English Joint Stock Bank,* L. R. 2 Exch. 269; Angell & Ames, Corp. § 383.

There is no reason that occurs to us why a different rule should be applicable to cases of deceit from what applies to other torts. A corporation can only act through its agents, and must be responsible for their acts. It is the greatest public importance that it should be so. If a manufacturing and trading corporation is not responsible for the false and fraudulent representations of its agents, those who deal with it will be practically without redress and the corporation can commit fraud with impunity.

2. It is said that the jury have not found that the representations were fraudulent, but only that they were false, and without fraud, the action cannot be maintained. If we consider the action as for the deceit, this objection would be unanswerable if the defendant was the seller only, and not also the manufacturer of the article. It is difficult to conceive how a manufacturer of guano can make a representa-

tion concerning the substances of which it is composed, which is false, and not also fraudulent, in the sense that it was knowingly false. If his servants employed in the manufacture, on any occasion by negligence, or wilfully, omitted to put in the valuable ingredients without the knowledge or connivance of the manufacturer, it would free his false representation from immorality, but he must in law be held equally liable for the acts of his servants, and he cannot be held innocent of a moral fraud, if after being informed of the omission, he seeks to take advantage of it by demanding for a spurious and worthless article the price of the genuine one. We think that on the facts found by the jury the plaintiff was entitled to damages.

3. As to the amount of damages we have had considerable difficulty. If the plaintiff had paid, or become liable to pay, for the guano he would have been entitled to recover the difference between the value of the spurious article and the genuine. It does not appear from the case whether he had paid for it in full or not, or what was the value either of the article agreed to be delivered, or of that which was delivered. It was agreed that if the plaintiff was entitled to recover any thing, he was entitled to recover at least $72, which is called the actual damage. What was intended by that expression, or on what principles the amount was arrived at, do not appear, and on the question of damages we confine ourselves to the only question presented to us by the case. The plaintiff contended that he was entitled to recover back the sum of $130, which defendant had recovered from him in an action apparently for the price of the guano, begun by attachment which was levied on certain cotton belonging to the plaintiff, and in which there had been no personal service on the plaintiff. On this question no direct authority was cited to us, and I know of none. The general rule is conceived to be, that the judgment in such actions is conclusive evidence that the debt sued on was due to the

plaintiff in it, to the value of the property attached, but of nothing more.

To allow the present plaintiff to recover back that sum in this action would be in effect to reverse the judgment of the Virginia Court, and to deny to it the full faith and credit to which it is entitled by law. As to that sum the judgment below is reversed. In other respects it is affirmed, and the plaintiff will have judgment in this Court for $72, with interest from February the 4th, 1874, and the costs of the Court below. As the judgment is partly reversed and partly affirmed, neither party will recover costs in this Court, but there will be judgment against each for his own costs.

PER CURIAM.                    Judgment accordingly.