B. F. TYSON ET AL. v. B. B. JONES ET AL.

(Filed 24 February, 1909.)

**Contracts to Convey Land—Written Instrument—Fraud—Parol Evidence.**

False and fraudulent representations sufficient to void a written contract may be shown by parol as a defense in an action for damages alleged to have been sustained by its breach, as such does not tend to vary or contradict the writing, but to render the entire instrument void.

ACTION tried before *O. H. Allen, J.*, and a jury, at November Term, 1908, of PITT.

There was a verdict and judgment for defendants, and plaintiff appealed.

The following issues were submitted:

1. "Did the plaintiffs and the defendants enter into the agreement set out in the paper writing alleged in the complaint?" Answer: "Yes, by consent."

2. "Did the defendants B. B. Jones and D. S. Moore fail and refuse to carry out said contract on their part?" Answer: "Yes, by consent."

3. "If so, was the execution of the contract sued on obtained by deceit, misrepresentation and fraud?" Answer: "Yes."

4. "If so, what amount are plaintiffs entitled to recover of the defendants in this action?" Answer: ......

5. "Are plaintiffs indebted to defendants? If so, what amount?" Answer: "Nothing."

*Jarvis & Blow* for plaintiffs.
No counsel for defendants.

Brown, J. The plaintiffs and defendants entered into a written contract, wherein the defendants contracted to purchase and the plaintiffs to sell a tract of land therein described, upon the terms therein expressed. The sum· of $750 is agreed upon in the contract on stipulated damages in case of a breach of the contract, to recover which plaintiffs bring action.

The defendants aver that they were induced to enter into the contract by the deceit, misrepresentation and fraud of plaintiffs, in falsely representing, before the contract was executed, that the plaintiffs had the legal right to drain this land through that of Miss Emily Daniels, whereas plaintiffs knew they had no such right.

The motion to nonsuit, as well as the prayer for instruction, were properly denied, as there is sufficient evidence to go to the jury to support the allegations of the plaintiff embodied in the third issue.

The other exceptions of the plaintiff necessary to consider relate to the admissibility of the evidence tending to prove the allegation of fraud and deceit. The plaintiff contends that the introduction of such evidence contradicts the terms of the written contract.

The defendants do not seek to contradict or change the written words. They admit that the paper writing contains the contract agreed upon, but they aver they were induced to enter into it by the fraud and deceit of plaintiffs, or one of them; that the representation was a material one; that it was false, and that they relied upon its truth. This evidence does not come within the principle laid down in *Walker v. Venters,* 148 N. C., 388, and authorities there cited, and is not offered for the purpose of changing the contract, but of avoiding it upon the ground of fraud.

The judgment is
Affirmed.