THE AUDIT COMPANY v. J. A. TAYLOR.

(Filed 31 March, 1910.)

1. **Contracts—Guaranty—Failure of Consideration—False Representations.**

    In an action to recover upon contract for the installing a system of accounts or bookkeeping for defendant's business, the answer alleged that the plaintiff guaranteed the system to be more economical and better than the one defendant had been using, which after a fair trial defendant found not to be as good or as economical, and this the defendant could not have previously ascertained: *Held,* answer sufficient, for it sets up a total want of consideration and a breach of guarantee; and the allegations of representations knowingly and falsely and fraudulently made are not necessary.

2. **Same—Harmless Error.**

    A complete defense to an action upon contract being a want of consideration and a breach of guarantee, it is not error to plaintiff's prejudice for the court to impose on defendant the additional burden of proving that representations made by plaintiff to induce the contract were falsely and fraudulently made.

3. **Judgments—Non Obstante—Plaintiff's Motion—Confession and Avoidance.**

    Plaintiff's motion for judgment *non obstante veredicto* is applicable only where the defense is in the nature of a plea of confession and avoidance, and the jury find the fact for the defendant, but in law it is an insufficient defense.

4. **Contracts, Written—Failure of Consideration—Parol Evidence.**

    When the writing contains only a part of the contract, the other part may be shown by parol, when not within the statute of frauds.

APPEAL by plaintiff from *O. H. Allen, J.,* at October Term, 1909, of NEW HANOVER.

The facts are stated in the opinion of the Court.

*Kellum & Loughlin* for plaintiff.
*Rountree & Carr* for defendant.

CLARK, C. J.  The plaintiff seeks to recover of the defendant the sum of $413.81 and interest, due under a contract for installing a system of accounts or bookkeeping for the wholesale grocery business of the defendant.

The plaintiff alleged the execution of the contract, the performances of the services thereunder, and the amount due. The defendant admitted the execution of the contract, and at the trial admitted that if anything was due it was the sum of

$413.81; but he denied that anything was due, alleging that the contract was procured by the plaintiff and entered into by defendant upon the distinct representation that the proposed system of bookkeeping would be much more efficient and could be operated with no greater clerical force and more economically than the system the defendant was then using; that he did not know and could not know whether the proposed system would be as economical and efficient as it was represented, and that he entered into the contract in reliance upon the truth of the representations as to the economy and efficiency of the proposed system. Defendant alleges, further, that, after giving the system a fair trial for about three months, he learned that it was more expensive and less efficient than his old system, and that he was compelled to discard the system entirely; and that he is advised that the contract is not binding because it was obtained by fraud or mistake, and the system did not come up to the representation or guarantee of plaintiff.

The last paragraph is the only reference made to fraud, and it is insufficient, as the plaintiff contends, to set up that defense, for it fails to allege that the representations were falsely and fraudulently made, or that they were known by the plaintiff's agent to be false, or were made with reckless disregard of their truth or falsity, or that they were made with intent to deceive. *Cash Register Co. v. Townsend,* 137 N. C., 652.

The court charged the jury, among other things: "If the plaintiff assured the defendant that the system of bookkeeping which he proposed to install could be worked by defendant's then present office force, and with no greater expense, and that this representation was untrue in fact and falsely and fraudulently made, and that the defendant did not know that it was untrue, and had no means of ascertaining the truth until after the contract was made, and that if you further believe that the defendant gave the system a full and fair trial, and it could not be worked without additional expense, then plaintiff is not entitled to recover," to which the defendant excepted. The jury found in response to the issue that the defendant was not indebted to the plaintiff.

If the court had left out of this charge the words "and falsely and fraudulently made," the instruction would have been correct. In adding those words, the court placed upon the defendant an unnecessary burden; but the plaintiff cannot complain of that.

The plaintiff relies upon *Cash Register Co. v. Townsend,* 137 N. C., 652, and properly insists that the answer is not a sufficient plea of fraud.

152—18

This is not the case of a sale of personal property. The answer alleges a sufficient defense in setting up a total want of consideration and a breach of guarantee, and the jury found the defense good. The plaintiff cannot complain that the jury further found, under the charge, that the representations were "falsely and fraudulently made" over and above the other matters stated in the charge above, which amounted to an allegation of a total want of consideration and breach of warranty.

The court below properly overruled the motion for judgment *non obstante veredicto.* That is applicable only where the defense set up is in the nature of a plea of confession and avoidance, and the jury find the fact with the defendant, but in law it is an insufficient defense. *Cotton Mills v. Abernethy,* 115 N. C., 403. Here the writing contained only a part of the contract, and it was competent to show the other part by parol evidence. *Cumming v. Barber,* 99 N. C., 332; *Nissen v. Mining Co.,* 104 N. C., 309. The failure of consideration was necessarily shown by parol. *Jones v. Rhea,* 122 N. C., 721.

The controversy is chiefly over the facts set up by the answer, and the jury have found them in favor of the defendant.

No error.