CLARK, C. J., concurring; ALLEN, J., did not sit.
This action was brought to recover the amount of eight notes, each for $25, given in part payment of the purchase price ($1,750) promised by the defendants to be paid to plaintiff for a Simplex Typesetting Machine, No. 2. C. H. Lombard, an expert machinist and (65) inventor of this machine, was sent by the plaintiff to close the contract with the defendants, who were printers and publishers of a newspaper at Monroe, N.C. He represented to them, as defendants allege and there was evidence to prove: "1. That Simplex No. 2 was an improvement on Simplex No. 1, and did not have its imperfections, because of which No. 1 had proved to be a failure and had been taken off the market by the plaintiff. 2. That it was so constructed as not to break type in setting or distributing same. 3. That with the assistance of two men it would set from five to six thousand ems per hour, or three times as much as hand composition, and with the same economy as hand composition. 4. That said machine was so constructed that the life of the type used in it was the same as when used in hand composition." Defendants further alleged and introduced evidence to prove that the representations, each and all of them, were knowingly false and were fraudulently made with the intent and purpose to induce the defendants to buy the machine, and that they were misled thereby, while in the exercise of due care and judgment on their part, and induced to by the machine; that it was impossible to discover the falsity of the representations and the radical defects in the machine, save by the long use of the same, and that the machine was so defective as to cause them great loss and damage, and that plaintiff, by reason of the fraud and damage, was not entitled to recover any part of his alleged claim. Issues were submitted to the jury which, with the answers thereto, are as follows: 1. Did the defendants execute the contract introduced in evidence? Answer: Yes. 2. Did defendants execute the notes introduced in evidence? Answer: Yes. 3. Did the plaintiff represent and warrant to the defendants that the machine sold to them was an improvement on machine No. 1; that it would not break type and that type could be used with it as economically as by hand? Answer: Yes. 4. If so, was such *Page 54 
representation and warranty false? Answer : Yes. 5. If so, did the plaintiff know it was false? Answer: Yes. 6. If so, did defendants rely thereon and were they induced thereby to execute said notes and (66) contracts? Answer: Yes. 7. If so, what damage, if any, have defendants sustained thereby? Answer: Eleven hundred dollars, with interest from date of notes. Judgment was entered upon the verdict that the defendants go without day and recover their costs. Plaintiff, having entered exceptions to the rulings of the court, appealed to this Court.
There have recently been several cases of this kind before the Court, and we have held that while expressions of opinion by a seller, amounting to nothing more than mere commendation of his goods — puffing his wares, as it is sometimes called — or extravagant statements as to value or quality or prospects, are not, as a rule, to be regarded as fraudulent in law, yet "when assurances of value are seriously made, and are intended and accepted and reasonably relied upon as statements of fact, inducing a contract, they may be so considered in determining whether there has been a fraud perpetrated; and though the declarations may be clothed in the form of opinions or estimates, when there is doubt as to whether they were intended and received as mere expressions of opinion or as statements of facts to be regarded as material, the question must be submitted to the jury." 14 A. E., 35; 20 Cyc., 124; Morse v. Shaw, 124 Mass. 59;Whitehurst v. Insurance Co., 149 N.C. 273; Cash Register Co. v. Townsend,137 N.C. 652.
We also held in the Whitehurst case, approving what is said upon the subject in Pollock on Torts (7 Ed.), 276, that to create a right of action for deceit, there must be a statement made by the defendant, or for which he is answerable as principal, and with regard to that statement all the following conditions must concur: (a) It is untrue in fact. (b) The person making the statement, or the person responsible for it, either knows it to be untrue or is culpably ignorant (that is, recklessly and consciously ignorant) whether it be true or not. (c) It is made with the intent that the plaintiff shall act upon it, or in a manner apparently fitted to induce him to act upon it. (d) The plaintiff (67) does act in reliance on the statement in the manner contemplated or manifestly probable, and thereby suffers damage. What is still more to the point, we further held that the false representation of a fact which materially affects the value of the contract and which is peculiarly within the knowledge of the person making it, and in respect *Page 55 
to which the other party, in the exercise of proper vigilance, had not an equal opportunity of ascertaining the truth, is fraudulent. Thus false and misleading representations made by a vendor to a purchaser of matters within his own peculiar knowledge, whereby the purchaser is injured, are a fraud which is actionable. Where facts are not equally known to both sides, a statement of opinion by one who knows the facts best involves very often a statement of a material fact, for he, impliedly, states that he knows facts which justify his opinion. Smith on Fraud, sec. 3; Modlin v. R. R., 145 N.C. 218; Ramsey v. Wallace, 100 N.C. 75;Cooper v. Schlesinger, 111 U.S. 148; Kerr on Fraud and Mistake, 68. The principles relating to this question are so fully and clearly stated by Justice Hoke in Whitehurst v. Insurance Company, supra, and so applicable to the facts of this case in its every phase, that no other authority would seem necessary to sustain the ruling of the Court upon the question of fraud. It appears in this case that the false statements were made by the inventor of the machine, who must be supposed to have been fully informed as to its good and bad qualities and who must, therefore, have made the representations knowing them to be false. It was so expressly held in Peebles v. Guano Co., 77 N.C. 233. The plaintiff in this case is a corporation and the manufacturer of the machine, and therefore what is said in the Peebles case is clearly pertinent to the facts as presented in the record: "It is said that the jury have not found that the representations were fraudulent, but only that they were false, and without fraud, the action can not be maintained. If we consider the action as for the deceit, this objection would be unanswerable if the defendant was the seller only, and not also the manufacturer of the article. It is difficult to conceive how a manufacturer of guano can make a representation concerning the substances of which it is composed, which is false, and not also fraudulent, in the sense that it was knowingly false. If his servants employed (68) in the manufacture, on any occasion by negligence, or willfully, omitted to put in the valuable ingredients without the knowledge or connivance of the manufacturer, it would free his false representation from immorality, but he must in law be held equally liable for the acts of his servants, and he can not be held innocent of a moral fraud, if after being informed of the omission he seeks to take advantage of it by demanding for a spurious and worthless article the price of the genuine one. We think that on the facts found by the jury the plaintiff was entitled to damages." The representation which Lombard, plaintiff's agent, made to defendants was of such a nature as to mislead them and induce them to purchase a worthless machine instead of the improved and perfect one they had the right to think was being sold to them. It was well adapted to accomplish the purpose for which it was made, *Page 56 
namely, to deceive the defendants as to the true quality of the machine. He lauded its merits, if it had any, but willfully concealed its demerits, and having no knowledge or means of acquiring knowledge themselves, they were easily duped, as any intelligent and careful man would have been, and were practically at his mercy. The representation was substantially like that made in Audit Co. v. Taylor, 152 N.C. 272, which we held to be sufficient as the basis for a charge of deceit. The representation in our case was as to the mechanical construction of the typesetter, and it proved by actual use to be mechanically defective. It was not a mere expression of opinion or commendation, but the false statement of a hidden or concealed fact, which was material because it was the main inducement to the purchase.Machine Co. v. Feezer, 152 N.C. 516; Savings Bank v. Chase, 151 N.C. 108.
The plaintiff contends that the evidence tended to vary or contradict the written contract of sale, and relies upon Etheridge v. Palin,72 N.C. 216, but the case does not apply here. It was attempted inEtheridge v. Palin to vary the contract by adding a warranty, but that is very different from an attack upon the contract as having no validity because induced by fraud. It does not change the contract, but nullifies it, and is competent for that purpose, as we held in Tyson v. (69) Jones, 150 N.C. 181; Whitehurst v. Insurance Co., supra.
The exception that there was no evidence of the agency of Lombard other than his own acts and declarations, is not meritorious. He was sent out by the plaintiffs to make the contract and install the machine, and there was other competent and sufficient evidence of his agency. The declarations were made by him dum fervet opus, and his principal must be considered as bound by them, as much so as if it could have made them and had made them itself. Qui facit per alium facit per se. In this connection we may revert to the case of Peebles v. Guano Co., supra, where it is said: "There is no reason that occurs to us why a different rule should be applicable to cases of deceit from what applies to other torts. A corporation can only act through its agents, and must be responsible for their acts. It is of the greatest public importance that it should be so. If a manufacturing and trading corporation is not responsible for the false and fraudulent representations of its agents, those who deal with it will be practically without redress and the corporation can commit fraud with impunity." InManufacturing Co. v. Davis, 147 N.C. 267, the present Chief Justice says: "The plaintiff company is liable for the fraudulent representations of its salesman and agent, which were made to defendant to his injury. This would be so whether the agency of Guy were general or special. Hunter v.Matthias, 90 N.C. 105; Peebles v. Patapsco Co., 77 N.C. 233; 1 A. E. Enc. (2 Ed.), 1143." See also Savings Bank v. Chase, supra. *Page 57 
Whether the machine was in fact defective, as alleged by the defendants, was a question for the jury, and so were the other matters involved in the issues. We think the delay of defendants in discovering the defect and the fraud, and in asserting their rights in respect of it, is sufficiently explained by the proof. There was evidence to support the verdict of the jury, and we are not privileged to review their findings. The judgment thereon was correct. McClennahan v. Cotten, 83 N.C. 333.
Upon a careful review of the whole case, no error has been discovered.
No error.
ALLEN, J., did not sit.