THE AMERICAN LAUNDRY MACHINERY COMPANY, A CORPORATION, V. W. L. SKINNER, TRADING AND DOING BUSINESS AS LUMBERTON FAMILY LAUNDRY.

(Filed 6 June, 1945.)

**1. Fraud § 1—**

There can be no all-embracing definition of fraud. Each case must be considered upon peculiar facts presented. The best definition of actionable fraud requires it to be a false representation of a subsisting fact.

**2. Same: Evidence § 40—**

It is important to distinguish between the legal effect of fraud in the inducement, which vitiates the contract, and a parol warranty, which would have to be set up by amendment or contradiction of the written instrument. Parol evidence to vary, add to, or contradict a written instrument can be admitted only on the theory that the representations constitute fraud in the inducement and destroy the contract.

**3. Fraud § 3—**

Ordinarily, a mere statement of opinion cannot be held for fraud; and, where representations held for fraud are partly or wholly stated in the outward form of opinion, they will be found to relate to some essential character, quality or capacity inherent in the thing sold, absolute in their nature and indistinguishable from factual statements.

**4. Same—**

Promissory representations, looking to the future as to value, use, as well as commendatory expressions or exaggerated statements of prospects, quality or gain, are opinion and do not generally constitute legal fraud.

STACY, C. J., dissenting.

WINBORNE and DENNY, JJ., concur in dissenting opinion.

APPEAL by plaintiff from *Harris, J.,* at December Civil Term, 1944, of ROBESON.

The plaintiff brought this action to recover a balance of $549.98, and interest, alleged to be due on the purchase price of laundry machinery sold to the defendant under a written sales contract, accompanied by installment notes. The defendant denied the indebtedness, and by way of affirmative relief demanded $591.75 damages by reason of fraud alleged to have been practiced upon it in the sale—"false and fraudulent representations, warranties and guarantees" made by the agent of the plaintiff, which it is alleged induced the defendant to purchase the machinery and make certain payments upon it. The allegation is as follows:

". . . the representative and agent of the defendant, one H. T. Radermacher, approached this defendant with the suggestion that defendant purchase from the plaintiff certain new equipment to replace the equipment above named, which equipment then owned and being operated by the defendant was in good condition and sufficient to do the work for which it was used, but the said agent and .representative of the defendant represented to this defendant and guaranteed and warranted to him that the equipment which it was proposed to sell to this defendant was of superior and advanced design, and could and would do the work of defendant in a better and more economical manner, and that relying upon the aforesaid representations, warranties and agreements that the said machinery was in accordance with what it was represented to be, and would do the work of this defendant in a better and more economical manner than the machinery then owned by him, and which said representations, guarantees and warranties were the material inducement upon which this defendant purchased said machinery, this defendant ordered from the plaintiff, through its said representative and agent Radermacher the machinery described and referred to in the complaint herein, and at the same time executed a written order therefor, which he is now advised is also a conditional sales contract, for which said equipment plaintiff was to charge and the defendant was to pay to the plaintiff the machinery above described which he then had on hand, and the additional sum of $1,141.73 in monthly installments. That at the time of the aforesaid agreement and order, this defendant contracted and agreed to buy the aforesaid machinery and equipment solely upon the representations, warranties and guarantee of the plaintiff made by and through its agent, the said Radermacher, that the same when shipped would be as the said plaintiff represented and warranted the same to be, and would do the work for which defendant was purchasing the same. in a more economical and better manner than the machinery defendant then had on hand. . . . That immediately when the same was received and installed, defendant ascertained that the said machinery and equipment was not in accordance with the representations, promises, warran-

ties and guarantees made to him by the said plaintiff, and that the same could not do the work for which defendant required the same in a more economical and better manner than defendant's old equipment . . ."

There was a written contract of purchase purporting to cover the entire agreement and containing the following provisions:

"This conditional sales contract constitutes and expresses the entire agreement between the parties; all previous memorandums, either written or oral, are hereby abrogated. There are no representations, agreements, promises or warranties relating to the subject matter of this contract other than those expressed herein." The contract was signed by both plaintiff and defendant in the presence of a witness. It contains no representations, warranties or guarantees such as were alleged to have been made by plaintiff's selling agent, Radermacher.

On the trial the defendant admitted making the contract and executing the installment notes, and assumed the burden of establishing his "further defense."

Pertinent to the alleged representations of Radermacher, the defendant was permitted to testify over the objection of the plaintiff, as follows:

"Q. What representations, if any, did he make about the kind of work they would do and the manner they would do it and the economy in operation?

"A. He said it would do better work, more economically and with less labor." Plaintiff excepted.

Again, the defendant was permitted to testify, over objection, as follows:

"Q. How does the old Prosperity presses, he told you to junk or continue to use, compare with the stuff you bought to take the place of it, how does it operate?

"A. They give me less trouble than the new ones; I have to work on the new presses two or three times to once on the old ones." Plaintiff excepted.

Numerous exceptions were taken to the charge, which, for the most part, were intended to preserve plaintiff's position that the representations of Radermacher could not be held for actionable fraud and could not be admitted as warranties against the terms of the written instrument. Some were addressed to other phases of the case. They may be disregarded here as not pertinent to the decision.

The following issues were submitted to the jury, and answered as indicated:

"1. Was the execution of the said sales contract and notes, described in the pleadings, induced by the fraudulent misrepresentations of the plaintiff, as alleged by the defendant in his answer?

"Answer: Yes.

"2. If so, what amount of damages, if any, is the defendant entitled to recover of the plaintiff?

"Answer: $549.98."

Plaintiff moved to set aside the verdict and for a *venire de novo* for errors committed during the trial. The motion was denied and the plaintiff excepted. To the signing of the judgment, plaintiff objected and excepted, and appealed to this Court.

*James A. Shaw and Varser, McIntyre & Henry for plaintiff, appellant.*

*F. D. Hackett for defendant, appellee.*

SEAWELL, J. The appellant has made many assignments of error covering exceptions to the admission of evidence and to the instructions given to the jury. Most of them, but by no means all, are intended to protect the view taken by the plaintiff that the theory on which the case was tried was erroneous, and, therefore, led to numerous and persistent errors throughout the trial. The main objection to the trial, and the one which may be determinative of the controversy, is the refusal of the court to nonsuit the defendant's cross action based on the allegedly false representations of plaintiff's sales agent, whereby defendant was induced to purchase the machinery, the subject of the controversy; and the refusal to enter judgment for the plaintiff upon the pleadings and admissions of the defendant in his answer and upon the trial.

Our first inquiry, therefore, is whether these representations, conceding them to have been made, can be held to constitute actionable fraud.

While these representations, as alleged in the complaint and testified to by plaintiff, are called "representations, warranties, and guarantees," (*sic*)—indicating how they appeared to complainant—the labels may not be of decisive importance; but it is important to distinguish between the legal effect of fraud in the inducement, which vitiates the contract, and a parol warranty, which would have to be set up by amendment or contradiction of the written instrument. *Furst v. Merritt*, 190 N. C., 397, 130 S. E., 40. Such a warranty, in the absence of fraud in the inducement, which would render the contract void, cannot be asserted by parol; not merely because the instrument here contains a positive agreement that all the representations are contained in the written instrument, but because the writing is presumed to contain all the agreement, and there is nothing in the written contract to indicate any incompleteness. *McLain v. Ins. Co.*, 224 N. C., 837, 840, 32 S. E. (2d), 592; *Coppersmith v. Ins. Co.*, 222 N. C., 14, 17, 21 S. E. (2d), 838; *Colt v. Conner*, 194 N. C., 344, 139 S. E., 694; *Colt v. Springle*, 190 N. C., 229, 129 S. E., 449; *Murray Co. v. Broadway*, 176 N. C., 149, 96 S. E., 990;

*Harvester Co. v. Carter,* 173 N. C., 229, 91 S. E., 840; *Guano Co. v. Livestock Co.,* 168 N. C., 442, 84 S. E., 774; *Unitype Co. v. Ashcraft,* 155 N. C., 63, 66, 71 S. E., 61; *Machine Co. v. McClamrock,* 152 N. C., 405, 67 S. E., 991. As a matter of fact and legal inference, the parol evidence offered by the defendant does "vary, add to, or contradict" the written instrument, and, as we have indicated, could only be admitted on the theory that the representations constitute fraud in the inducement and destroy the contract.

Without attempting to resolve the indecision manifest in defendant's pleading and reflected throughout the trial, we examine the alleged representations in that light.

It has frequently been said, with reference, however, to the more general significance of the word, that there can be no all-embracing definition of "fraud"—but each case must be considered upon peculiar facts presented. 23 Am. Jur., Fraud and Deceit, sec. 2; *Furst v. Merritt, supra.* However, as the subject becomes more narrowly classified when we deal with particular acts alleged to be fraudulent, and more concrete rules may be applied, making the term more definitive in its content and meaning in the eyes of the law, and limiting its sufficiency as a basis of action or defense. As to positive representations constituting actionable fraud, the best known and most widely used definition of a false representation—and the one which we think comes closest to bedrock—requires it to be "a false representation of a subsisting fact." *Cash Register Co. v. Townsend,* 137 N. C., 652, 50 S. E., 306.

It is true that even under such guidance, judicial precedents, hastily examined, appear to drag the subject back and forth across the line, on similar factual situations, according as a supposed sense of justice might require in each particular case, without much regard for the syllogism; and that is true in cases dealing with the sale of machinery or mechanical devices where dissatisfaction with the bargain so often develops. *Harvester Co. v. Carter, supra; Pate v. Blades,* 163 N. C., 267, 79 S. E., 608; *Machine Co. v. McKay,* 161 N. C., 584, 77 S. E., 848; *Machine Co. v. Bullock,* 161 N. C., 1, 76 S. E., 634; *Unitype Co. v. Ashcraft, supra; Machine Co. v. Feezer,* 152 N. C., 516, 67 S. E., 1004; *Cash Register Co. v. Townsend, supra.*

If contradiction may be found in some of these cases, it is not necessary that we follow those less inclined to protect, against parol evidence, the integrity of contracts which have been reduced to writing, and thus, in trying to prevent fraud on the one part, open an even wider door for its perpetration on the other.

Ordinarily, a mere statement of opinion cannot be held for fraud. The Court is aware that there are exceptions to the rule and also cogni-

zant of the exceptional circumstances which give rise to them. *Machine Co. v. Feezer, supra.* We do not think they appear in the instant case.

There is throughout the judicial treatment of this subject a manifest attempt to follow the definition which we have given, and where the representations held for fraud are partially or wholly stated in the outward form of an opinion, they will be found to relate to some essential character, quality or capacity inherent in the machines sold, absolute in their nature and indistinguishable from factual statements. *Machine Co. v. Feezer, supra; Machine Co. v. McKay, supra.* Without going into a dialectic discussion of what may be a fact and what may not be a fact, we are convinced the representations upon which the defendant relies stand too far away from factual misrepresentations to constitute actionable fraud. *Harvester Co. v. Carter, supra; Cash Register Co. v. Townsend, supra.* At most, they are mere comparisons of one kind of machinery with another, of purely relative import, much as if a trader said to a prospect: "My horse is better than the one you have, will do more work, and save you money." In any other view, they are merely promissory statements which cannot be held for factual misrepresentations.

In principle the representation under review is more like that in *Cash Register Co. v. Townsend, supra* (approved and distinguished in *Machine Co. v. Feezer, supra*), as to which *Judge Brown,* speaking for the Court, said: "What has been called 'promissory representations,' looking to the future as to what the vendee can do with the property, how much he can make on it, and, in this case, how much he can save by the use of it, are on a par with false affirmations and opinions as to the value of property, and do not generally constitute legal fraud"; citing Benjamin on Sales (7th Ed.), 483, *et seq.; Gordon v. Parmele,* 2 Allen (Mass.), 212; *Long v. Woodman,* 58 Me., 52, and cases there cited; and upon these authorities, observes: ". . . commendatory expressions or exaggerated statements as to value or prospects, or the like, as where a seller puffs up the value and quality of his goods or holds out flattering prospects of gain, are not regarded as fraudulent in law." Such statements were held not to be misrepresentations of a "subsisting fact."

Since we are of opinion that the representations attributed to Radermacher cannot be held to constitute actionable fraud, it follows that defendant's further defense, based entirely upon such representations, cannot avail him. Upon the admissions of the defendant in the pleadings and upon the trial, plaintiff was entitled to the relief demanded in his complaint, and the trial court erred in refusing to sign the tendered judgment. The cause is remanded for judgment in accordance with this opinion.

Error and remanded.

STACY, C. J., dissenting: There is nothing new in this case. The Court has heretofore tramped all over the same ground many times. See *Whitehurst v. Ins. Co.,* 149 N. C., 273, 62 S. E., 1067, and *Robertson v. Halton,* 156 N. C., 215, 72 S. E., 316, for statement of applicable principles and collection of authorities. See also full annotation 56 A. L. R., 13.

The defenses alleged are breach of warranty and fraud. The first is not available to the defendant because of the stipulation in the contract. *Harvester Co. v. Carter,* 173 N. C., 229, 91 S. E., 840; *Machine Co. v. McClamrock,* 152 N. C., 405, 67 S. E., 991. The second is. *Machine Co. v. McKay,* 161 N. C., 584, 77 S. E., 848. Warranty is contractual. Fraud is not. No contract or stipulation can stand in the face of fraud. *Machine Co. v. Bullock,* 161 N. C., 1, 76 S. E., 634; *Miller v. Howell,* 184 N. C., 119, 113 S. E., 621; *Tyson v. Jones,* 150 N. C., 181, 63 S. E., 734; Anno. 95 A. L. R., 768. The case was tried on this latter theory.

The allegations of fraud are to be read in the light of the circumstances and the situation of the parties. *Small v. Dorsett,* 223 N. C., 754.

For many years the defendant had operated a laundry and dry-cleaning business in Lumberton with machinery of old type and style. On 3 June, 1940, plaintiff's agent, who said "he had been having lots of trouble" with the model used by the defendant, induced the defendant to exchange his old machinery for machinery of a later design and model, representing to the defendant that the later type and model machinery would "do better work, more economically and with less labor" than the machinery then used by the defendant in his business. Upon these representations, the defendant, who was not familiar with the machinery which plaintiff wished to sell, agreed to the exchange, and executed his notes for the difference in the trade. The new machinery was installed in defendant's place of business and it was immediately discovered that the machines were not as represented. It took more labor to operate them, and even then they did not run satisfactorily. Plaintiff's agent came to see about them. "He saw at that time that they would not operate," and he sent a representative from the factory to fix them. The representative said he could not fix them without some parts from the factory, which he promised to send but they never came.

As compared with the old machines "they don't turn out as good work, and they don't turn out as much work, and it takes more people to operate them." The witness explained in some detail wherein the machines were defective.

Plaintiff's agent admitted the substance and purpose of the representations. He said: "I told Mr. Skinner that my Company had had some difficulty with the kind, of press that he then had in his place of business, but that my Company had remedied that and had built a new press

which was an advanced design and that it would do the work that was required of machines of that character in a laundry, and I told him it would do it with greater economy than the machines he then had and that it would turn out more work than the machines he then had, and would turn out superior work to the machines he then had, and I meant for him to rely on my statements and I made these statements for the purpose of inducing him to buy my machines."

There is evidence that these representations were false. The jury has found they were fraudulently made. Are they sufficient in law to withstand motion for judgment on the pleadings? The trial court answered in the affirmative. He is supported by the pertinent authorities. Anno. 56 A. L. R., 25 and 113.

It will be noted that the measure of performance was what the old machinery would do. This is the standard which the plaintiff's agent voluntarily selected for purpose of comparison. The quality of performance of the old machinery was known to both parties; that of the new was unknown to the defendant. The representations relate to measurable and ascertainable facts, not merely to the agent's opinion of them. 23 Am. Jur., 788; 12 R. C. L., 384; 37 C. J. S., 228. They were made by the agent of a manufacturer of machinery to a user of such machinery for the purpose of inducing a sale. *Wolf Co. v. Mercantile Co.,* 189 N. C., 322, 127 S. E., 208; *Peebles v. Guano Co.,* 77 N. C., 233. If falsely made, they seem quite sufficient to support the defense of fraud. See *Register Co. v. Bradshaw,* 174 N. C., 414, 93 S. E., 898, and *Audit Co. v. Taylor,* 152 N. C., 272, 67 S. E., 582, where similar representations were under consideration; also, *Food Co. v. Elliott,* 151 N. C., 393.

The present case is controlled by the decision in *Unitype Co. v. Ashcraft,* 155 N. C., 63, 71 S. E., 61. For all practicable purposes, the two cases are on all-fours. There, *Walker, J.,* speaking for the Court, said: "There have recently been several cases of this kind before the Court, and we have held that while expressions of opinion by a seller, amounting to nothing more than mere commendation of his goods—puffing his wares, as it is sometimes called—or extravagant statements as to value or quality or prospects, are not, as a rule, to be regarded as fraudulent in law, yet 'when assurances of value are seriously made, and are intended and accepted and reasonably relied upon as statements of fact, inducing a contract, they may be so considered in determining whether there has been fraud perpetrated; and though the declarations may be clothed in the form of opinions or estimates, when there is doubt as to whether they were intended and received as mere expressions of opinion or as statements of facts to be regarded as material, the question must be submitted to the jury.' 14 A. & E., 35; 20 Cyc., 124."

The cases of *Wolf Co. v. Mercantile Co.,* 189 N. C., 322, 127 S. E., 208; *Machine Co. v. McKay, supra;* and *Machine Co. v. Bullock, supra,* are likewise directly in point. Also accordant in principle is the case of *Machine Co. v Feezer,* 152 N. C., 516, 67 S. E., 1004.

If these cases are to stand, the judgment below is correct.

WINBORNE and DENNY, JJ., concur in this dissent.