**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2489

SILICON KNIGHTS, INC., an Ontario (Canada) Corporation,

Plaintiff-Appellant,

v.

EPIC GAMES, INC., a Maryland Corporation,

Defendant-Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, Chief District Judge. (5:07-cv-00275-D)

Argued: December 11, 2013          Decided: January 6, 2014

Before AGEE, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Christopher T. Holland, KRIEG KELLER SLOAN REILLEY & ROMAN LLP, San Francisco, California, for Appellant. Michael Randolph Shebelskie, HUNTON & WILLIAMS, LLP, Richmond, Virginia, for Appellee. **ON BRIEF:** Kenneth E. Keller, KRIEG KELLER SLOAN REILLEY & ROMAN LLP, San Francisco, California; Hayden J. Silver, III, WOMBLE CARLYLE SANDRIDGE & RICE, PLLC, Raleigh, North Carolina, for Appellant. Douglas W. Kenyon, R. Dennis Fairbanks, Raleigh, North Carolina, Cassandra C. Collins, HUNTON & WILLIAMS LLP, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Silicon Knights, Inc. ("Silicon Knights") appeals from the district court's grant of judgment as a matter of law in favor of Epic Games, Inc. ("Epic") on Silicon Knights' fraud and fraud-related claims against Epic. Silicon Knights also appeals from the district court's denial of its request for judgment as a matter of law on Epic's copyright infringement and misappropriation of trade secrets counterclaims against it, both of which proceeded to trial and resulted in a jury verdict against Silicon Knights. Silicon Knights additionally raises a number of evidentiary issues and challenges the district court's grant of several remedies in favor of Epic. For the reasons set forth below, we affirm the judgment of the district court.

I

The facts of this case are known by the parties. We repeat them below only as necessary to reach our conclusion. We have jurisdiction under 28 U.S.C. § 1291.

We review a district court's decision to grant or deny judgment as a matter of law de novo. Sales v. Grant, 158 F.3d 768, 775 (4th Cir. 1998). We review a district court's evidentiary rulings and its rulings on remedies for an abuse of discretion. Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 260 (4th Cir. 2005) (evidentiary rulings); Cline v.

2

<u>Wal-Mart Stores, Inc.</u>, 144 F.3d 294, 305 (4th Cir. 1999) (denial of motion to set aside damages verdict); <u>Diamond Star Bldg. Corp. v. Freed</u>, 30 F.3d 503, 506 (4th Cir. 1994) (award of attorneys' fees).

## II

Silicon Knights raises four main issues on appeal.[1] First, Silicon Knights contends that the district court wrongly entered judgment as a matter of law in favor of Epic on Silicon Knights' fraud claim. Second, Silicon Knights argues that the district court wrongly denied its request for judgment as a matter of law on Epic's copyright infringement and trade secrets counterclaims. Third, Silicon Knights contends that the district court abused its discretion in excluding certain evidence offered by Silicon Knights. And fourth, Silicon Knights asserts that the district court abused its discretion in awarding certain remedies to Epic.

## A

With respect to Silicon Knights' fraud, negligent misrepresentation, and unfair competition claims, Silicon

---

[1] Silicon Knights listed nine separate issues presented for review, but these can all be consolidated in the four general categories listed here.

3

Knights provides argument on appeal regarding only its fraud claim.[2] Its appeal of the district court's entry of judgment on its negligent misrepresentation and unfair competition claims is therefore waived. See Snyder v. Phelps, 580 F.3d 206, 216 (4th Cir. 2009); see also Fed. R. App. P. 28(a)(8)(A) (providing that an appellant's brief must contain "appellant's contentions and the reasons for them"). Thus, we address only Silicon Knights' fraud argument.

Silicon Knights argues that Epic made certain false oral representations regarding the functionality of its video game engine, Unreal Engine 3, which Silicon Knights had licensed from Epic for use in the development of a single video game, Too Human. The parties, though, had entered into a written license agreement that expressly disclaimed any warranty "that the functions performed by [the video game engine] will meet [Silicon Knights'] requirements," (J.A. 1759), and further disclaimed "any and all other warranties, conditions, or representations (express or implied, oral or written), with respect to the [video game engine] or any part thereof," (J.A. 1760). Moreover, Silicon Knights does not dispute that it knew

---

[2] Although the district court did not explain its reasoning for granting Epic's motion for judgment as a matter of law, we may affirm "on any basis fairly supported by the record." Eisenberg v. Wachovia Bank, N.A., 301 F.3d 220, 222 (4th Cir. 2002).

4

Unreal Engine 3 was a work in progress when Epic made its alleged false representations. Because warranties "cannot be asserted by parol" and promissory representations that look to the future "do not generally constitute legal fraud," American Laundry Machine Co. v. Skinner, 34 S.E.2d 190, 192-94 (N.C. 1945),[3] Silicon Knights has presented no set of circumstances under which it could have prevailed on its fraud claim against Epic. The district court therefore properly granted judgment as a matter of law in favor of Epic.

B

Silicon Knights argues that Epic failed to prove that it held a valid copyright in Unreal Engine 3 because Epic failed to introduce into evidence the portions of that work deposited with The United States Copyright Office. However, a copyright registration is sufficient evidence of a valid copyright, and a copyright holder need not place into evidence "certified or deposit copies of . . . the compositions" at issue to prove that it holds a valid copyright. Banco Popular De P.R. v. Asociación

---

[3] The written license agreement provides that "[t]he validity, construction and performance of this Agreement, and the legal relations among the parties to this Agreement shall be governed in all respects by the laws of the State of North Carolina." (J.A. 1766.) We therefore apply North Carolina law. See Volvo Constr. Equip. N.A., Inc. v. CLM Equip. Co., 386 F.3d 581, 601 (4th Cir. 2004) (enforcing a choice-of-law provision in a written contract).

De Compositores Y Editores De Música Latinoamericana (ACEMLA), 678 F.3d 102, 111 (1st Cir. 2012). Silicon Knights' argument is without merit.

Silicon Knights also argues that its copying was de minimis as a matter of law. Yet Silicon Knights admits in its briefing that over 20% of the code in its game engine was copied from Unreal Engine 3, (see Reply Br. 11), and Silicon Knights does not dispute that it copied Unreal Engine 3 in toto when it began development on The Box, a use that was not authorized under the parties' written license agreement. Thus, it is clear that the jury had "a legally sufficient evidentiary basis to find for" Epic. Fed. R. Civ. P. 50(a)(1).

C

Silicon Knights separately contends that the district court abused its discretion by excluding expert testimony on its pending contract damages claim. Because Silicon Knights does not appeal the jury's verdict in favor of Epic on its breach of contract claim, we do not reach a decision on the district court's exclusion of Silicon Knights' expert testimony on damages. See Deadwyler v. Volkswagen of Am., Inc., 884 F.2d 779, 784 (4th Cir. 1989) ("Evidentiary errors regarding damages are harmless where special verdict questions regarding liability are determined in a defendant's favor.").

6

Silicon Knights also contends that the district court abused its discretion by excluding evidence of certain third-party complaints relating to the functionality of Unreal Engine 3. Yet the district court excluded this evidence as inadmissible hearsay and as likely to cause confusion under Rule 403. Because Silicon Knights provides argument regarding only relevance, it leaves unchallenged the district court's alternate decision to exclude the evidence on the basis of hearsay and has "waive[d] . . . any claim of error with respect to the court's decision on that issue." Maher v. City of Chi., 547 F.3d 817, 821 (7th Cir. 2008) (holding that an assertion of error is waived when the appellant fails to challenge one of two independent grounds).

D

Silicon Knights further argues that the district court abused its discretion by allowing Epic to achieve a double recovery of damages, but we find no double recovery on the facts of this case. Epic pursued compensatory expectation damages under a contract theory (based on the license agreement) and disgorgement damages under a copyright infringement theory. The damages awarded to Epic on its breach of contract counterclaim represented only Epic's actual damages, the unpaid licensing fees due to Epic under the parties' written license agreement. (See J.A. 1217–18.) In contrast, the damages awarded to Epic on

7

its copyright infringement counterclaim represented only the "profit [Silicon Knights] generated as a result of the use of the infringed [code]." Walker v. Forbes, Inc., 28 F.3d 409, 412 (4th Cir. 1994); (see J.A. 1226–27). Under the Copyright Act, Epic was entitled "to recover [both] the actual damages suffered by [it] as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b); Walker, 28 F.3d at 412. That Epic chose to pursue its actual damages under a contract theory and disgorgement damages under a copyright infringement theory makes no difference. As aptly put by the district court, "[t]he recovery on the breach of contract counterclaim served a different interest and was not based on the same conduct or proof as the conduct and proof giving rise to the recovery on the copyright infringement [counterclaim]."[4] (J.A. 1731.)

---

[4] To the extent that Silicon Knights attempts to argue that Epic's trade secrets damages duplicate its copyright infringement damages, that argument fails. The district court clearly instructed the jury that "the damages for copyright infringement and trade secret misappropriation are coextensive" and that, if the jury found in favor of Epic on these counterclaims, Epic would be "entitled to recover damages for either Silicon Knights' infringement of that copyrighted material or Silicon Knights' misappropriation of that trade secret, but not for both." (J.A. 1227.) And the jury's verdict form awarded Epic a single measure of damages based upon Silicon Knights' copyright infringement and misappropriation of Epic's trade secrets. (J.A. 1231.) There is therefore no evidence that (Continued)

8

Silicon Knights next argues that the district court abused its discretion by awarding Epic attorneys' fees on its copyright infringement and trade secrets counterclaims. Silicon Knights' argument rests mainly on the fact that the jury did not make a finding of bad faith upon which to base the district court's award of attorneys' fees. Yet the district court reviewed the record and made an independent finding that "Silicon Knights's infringement of Epic Games's copyrights was willful and in bad faith." (J.A. 1712.) Silicon Knights provides no authority suggesting that a finding of bad faith supporting an award of attorneys' fees must be made by a jury, and we conclude that the district court's finding is adequately supported by the record.

Last, Silicon Knights argues that the district court abused its discretion by granting a permanent injunction in favor of Epic. Silicon Knights fails to sufficiently address this issue for appellate review by raising it only in a short footnote on the final page of its Opening Brief. See Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009) (holding that an issue raised only in a footnote and addressed with only declarative sentences is waived). Although Silicon Knights develops its argument in its Reply Brief, it raises entirely new

---

Epic was awarded duplicative damages on its copyright infringement and trade secrets counterclaims.

9

arguments in support of its position, depriving Epic of an opportunity to respond to those arguments. See Hunt v. Nuth, 57 F.3d 1327, 1338 (4th Cir. 1995) (holding that "appellate courts generally will not address new arguments raised in a reply brief because it would be unfair to the appellee and would risk an improvident or ill-advised opinion on the legal issues raised"). The challenge to the district court's grant of a permanent injunction in favor of Epic is therefore waived.

E

Silicon Knights raises a number of other issues on appeal that lack merit and do not warrant a full discussion. Among other things, Silicon Knights raises a number of arguments relating to Epic's trade secrets counterclaim under N.C. Gen. Stat. § 66-153. Because copyright infringement damages and damages under N.C. Gen. Stat. § 66-153 are coextensive, see Celeritas Techs., Ltd. v. Rockwell Int'l Corp., 150 F.3d 1354, 1362 (Fed. Cir. 1998), and because we affirm the district court's judgment with respect to Epic's copyright infringement counterclaim, we need not address those arguments. See In re Rare Earth Minerals, 445 F.3d 359, 363 (4th Cir. 2006) (holding that a claim should be dismissed as moot when "the court has no remedy that it can fashion even if it would have determined the issues differently").

10

III

For all the foregoing reasons, the judgment of the district court is

AFFIRMED.