INTERNATIONAL HARVESTER COMPANY v. DANIEL CARTER.

(Filed 28 March, 1917.)

**Vendor and Purchaser—Contracts—Parol Evidence—Fraud.**

Where a purchaser of machinery has signed a written order stating that it was not to be varied by parol representations of the seller's agent, and containing provision that it may be returned on certain conditions, with which the purchaser has not complied, in the absence of evidence that the agent had procured the contract by fraud, it may not be shown as a defense in the seller's action on the contract that his agent had made representations, precluded by the contract, as to its pulling stumps, which were false.

APPEAL by plaintiff from *Winston, J.,* at September Term, 1916, of CUMBERLAND.

*Cook & Cook, Sinclair, Dye & Ray, McIntyre, Lawrence & Proctor, McLean, Varser & McLean for plaintiff.*
*Robinson & Lyon, Oates & Herring, John G. Shaw, and V. C. Bullard for defendant.*

CLARK, C. J. This is an action on certain notes for the balance due on an engine purchased by the defendant. The only defense involved is that of fraud alleged by defendant to have been practiced on him by plaintiff's agent who sold defendant the engine, upon the written contract signed by the defendant set out in the record. This contract described the engine, with a stipulation against the order being countermanded and providing that no agent had the power to change the contract or warranty, and providing for notice to be given if the engine should fail to work well, and that a man should then be sent by plaintiff, and that if such agent could not make it work satisfactorily, then the purchaser should immediately return the engine and the price paid should be immediately refunded. The answer does not allege that there was any fraud practiced by the defendant in inducing him to sign the contract and notes, but alleges oral misrepresentation by the agent as to the capacity of the engine to pull stumps. The defendant made no contention on the trial that he had complied with the requirement in the contract by giving notice of the defect or that the plaintiff had failed to send a man in consequence of such notice to remedy the defect.

The defendant excepted to the following charge: "The plaintiff contends that the contract upon its face, signed by the defendant, shows that no such representations (as to stump pulling) as claimed by defendant were made. That would be true and you would be bound by that if this suit was upon the warranty; but as it is not a suit upon the warranty, but is a suit upon the fraud, if any was committed, then the plaintiff gets no benefit from anything that appears upon the face of the contract so far as the representations were concerned. It is not a suit upon the warranty, but suit based upon alleged fraud." This was erroneous, for it eliminated the effect of the recital in the contract, which the defendant admits he signed, to the effect that no other representations than those contained in the contract were made and that the agent had no authority to make other representations, and allowed the jury to set aside the slip signed by Carter admitting his satisfaction with the engine.

The defendant could read and write and was a man of intelligence, and there is no evidence that there was fraud and misrepresentations in procuring his signature to the contract or the satisfaction slip signed by him, on which he noted in his own handwriting the words "except as to extension rims." Under such circumstances the purchaser who has had full opportunity to read a written contract of purchase, voluntarily signed by him without fraudulent inducement or device, cannot show that the vendor's agent by parol warranted the machine or that it was not a second-hand machine, when, as in this case, it appears

on the face of the contract that the parties understood that this was a second-hand machine and that the agent was without authority to vary the written terms of the contract. *Machine Co. v. McClamrock,* 152 N. C., 405, which is on all-fours as to the facts with this case.

In *Machine Co. v. Feezer,* 152 N. C., 516, where the answer alleged fraud and misrepresentation by the vendor in making the contract of sale by false representations as to the weight and capacity of the machinery, the quality of work it would do, the amount of power it would require to properly run it, and that these representations were falsely and fraudulently made, it was held proper to submit to the jury the question of fraud in the factum to set aside the written contract; but that is not the case here. The court erred in permitting the jury to consider as evidence of fraud the contention of the defendant that there were misrepresentations made by the agent as to the capacity of the engine for pulling stumps when there was no evidence of fraud in procuring the contract to be signed, in which contract there was an express stipulation that no agent had power to make any changes in the contract or warranty and requiring notice to be given if the engine should not come up to the terms of the contract, and such notice was not given, and opportunity not furnished to the vendor to examine into and correct the alleged defect if such there was.

The charge was a misconception of the scope of this defense, which does not rest upon fraud or misrepresentation in procuring the execution of the contract, but upon an alleged misrepresentation by the vendor's agent, outside the contract, which contract was voluntarily signed by an intelligent man without any fraud in its procurement and which, upon its face, stipulated against liability for any implied warranty or change of the stipulations in the contract.

Error.