## J. B. COLT COMPANY v. L. L. SPRINGLE AND DAISY SPRINGLE.

### (Filed 7 October, 1925.)

**Contracts—Parol Evidence—Vendor and Purchaser—Statute of Frauds.**

Where a contract given for the balance of the purchase price of a lighting plant states that the contract is entire as therein expressed, and that it may not be varied by parol, the purchaser in an action against him may not by his parol evidence maintain the defense that the company by its sales agent had guaranteed the good working condition of the plant for a period of years, etc., there being no evidence of fraud in the factum.

APPEAL by plaintiff from CARTERET Superior Court. *Barnhill, J.*

Action to recover on note for $298.25 executed by defendants for a lighting plant purchased from plaintiff. Judgment for defendants on a jury verdict. Plaintiff appeals. New trial.

The verdict is as follows:

"1. Was the execution of the note and contract as set out in the complaint procured by false and fraudulent representations, as alleged? Answer: Yes.

"2. If so, what damage, if any, is the defendant entitled to recover of plaintiff? Answer: $44.00.

"3. Did the plaintiff at the time of the execution of this contract, warrant the apparatus furnished to be a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and workmanship, as alleged?

"4. If so, did plaintiff breach said warranty?

"5. If so, what damage, if any, is the defendant entitled to recover by reason of said breach?"

The defendant pleaded fraud in the execution of the contract and breach of warranty.

The judgment was against the plaintiff on the note and for the damages assessed in the verdict.

*G. W. Duncan and J. W. Mason for plaintiff.*
*C. R. Wheatley for defendants.*

VARSER, J. The plaintiff's exceptions contest the admissibility of evidence that plaintiff's agent stated that the lighting plant would last "from ten to twenty-five years; that if same went bad company would make all necessary repairs; that generator was made of 5-16 galvanized steel; that thickness of generator was 12-16, and that plaintiff would guarantee same (plant) for ten years." This evidence was all admitted on the first issue.

The contract, the execution of which was admitted, contained the following provision:

"It being understood that this instrument, upon such acceptance, covers all of the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements, representations or agreements, verbal or written, modifying or adding to the terms and conditions herein set forth. It is further understood that upon the acceptance of this order, the contract so made cannot be canceled, altered or modified by the purchaser or by any agent of the company or in any manner except by agreement in writing between the purchaser and the company acting by one of its officers."

And the following warranty:

"It is agreed that in accepting this order the company warrants the apparatus furnished to be a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters."

The defendant, L. L. Springle, testified that the plant was satisfactory at time of installation, and that he "had full opportunity to read contract and read same." There is no evidence that there was fraud in the factum. This defendant says the plant was satisfactory at time of installation and that he wrote several letters to plaintiff, after the plant had been in use, asking for leniency in terms, and stating he was doing all in his power to pay the purchase price, at one time saying he could not pay on account of failure to obtain a contemplated loan, and in some, enclosing payments, and in others, promising to pay, when possible. The defendant says, also, that the "statements of agent applied only to future service of plant."

In the light of these statements by defendant, the evidence objected to is not competent. The contract, which was read by the defendant, stipulates expressly against these oral declarations. Upon this record, there is no fraud and misrepresentations in procuring the defendants' signatures to the contract, or to the "purchaser's statement" as to the installation. He cannot, now, show a parol warranty other than, or differing from, the written warranty in the contract. *Machine Co. v. McClamrock,* 152 N. C., 405; *Harvester Co. v. Carter,* 173 N. C., 229; *Murray Co. v. Broadway,* 176 N. C., 151; *Guano Co. v. Livestock Co.,* 168 N. C., 447; *Simpson v. Green,* 160 N. C., 301.

However, the jury did not answer the issues as to the warranty in the contract, because they were instructed not to do so if they answered the issue as to fraud in favor of the defendants. Hence, the defendants are entitled to have these issues again submitted to a jury.

Therefore, there will be a

New trial.