### J. B. COLT COMPANY v. W. R. CONNER.

(Filed 12 October, 1927.)

**Contracts—Written Instruments—Evidence—Parol Evidence—Statute of Frauds—Fraud—Principal and Agent.**

Where the contract for the sale of a home electric-lighting machine and fixtures is in writing and expressly excludes all verbal representations made by the seller's agent not therein contained, evidence in behalf of the purchaser as to the cost of operation not contained in the written instrument is a modification or variance thereof, and evidence thereof alone is properly excluded for that reason, and also for being merely promissory of what the machine sold would do in the future, and standing alone is insufficient to invalidate the contract itself as being fraud in the factum.

CIVIL ACTION, before *Cranmer, J.,* at April Term, 1927, of CRAVEN.

The plaintiff brought suit against the defendant upon certain notes aggregating $300, having been executed and delivered by the defendant to the plaintiff in payment of the purchase price of a certain lighting plant and fixtures. The notes were dated 22 June, 1923. The contract between the parties was in writing and contained a written warranty,

and in addition the following clause: "It being understood that this instrument contains all of the terms, conditions and agreements between the purchaser and the company, and that no agent or representative of the company has made any statements, representations or agreements, verbal or written, modifying or adding to the terms and conditions herein set forth. The company does not install the generator or appliances. It is further understood that upon the acceptance of this order, the contract so made cannot be canceled, altered or modified by the purchaser or by any agent of the company or in any manner except by agreement in writing between the purchaser and the company acting by one of its officers."

The defendant admitted the execution of the notes, but alleged that at the time of the sale the agent of the plaintiff, "as an inducement to the defendant to purchase the same, represented and stated as of his own knowledge and as of the knowledge of the plaintiff, that in the operation of said plant a charge of 200 pounds of carbide would operate the machine and cause it to produce the lights for eight or nine months."

The defendant further alleged "that this representation so made was false in that 200 pounds of carbide would only operate the machine fifty-three days, and that by reason of such false representation the defendant had been damaged," etc. The evidence further disclosed that plaintiff could read and write.

At the conclusion of the evidence the judge instructed the jury to answer the issue of indebtedness in favor of the plaintiff.

From the judgment rendered the defendant appealed.

*Powers & Elliott for plaintiff.*
*Ward & Ward for defendant.*

BROGDEN, J. The defendant pleaded fraud as a defense to the notes sued upon. There was no allegation and no evidence that there was fraud in the factum, but that certain oral representations made by the agent of the plaintiff at the time the contract was executed were false and fraudulent, and were made as an inducement to enter into the contract. Thereupon, at the trial the defendant offered evidence of certain representations made by the agent of the plaintiff with respect to the amount of carbide requisite for operating the machine. These oral representations amounted to no more than representation as to the cost of the operation of the machine. The trial judge excluded the evidence tendered, which ruling is the decisive point in the case. The contract was in writing, and the defendant could read. The express terms of the contract excluded oral representations of the nature defendant proposed to offer. "Having executed the contract, and no fraud appearing

in the procurement of the execution, the court is without power to relieve the defendant on the ground that he thought it contained provisions which it does not. He is concluded thereby to the same extent as if he had known what due diligence would have informed him of, to wit, its plain provision that the agent had no authority to make agreements other than those contained therein, and that such agreements, if made, were not a part of the contract." *Varser, J.,* in *Colt v. Kimball,* 190 N. C., 169.

The oral declarations offered by the defendant were "promissory representations" looking to the future as to what could be done with the machine and as to the low cost of operation, and were in direct conflict with the provisions of the contract which expressly excluded such declarations. *Cash Register Co. v. Townsend,* 137 N. C., 652; *Pritchard v. Dailey,* 168 N. C., 330; *Colt v. Springle,* 190 N. C., 229.

Upon the record we conclude that the ruling of the trial judge was correct, and the judgment is

Affirmed.