DURHAM CITIZENS HOTEL·CORPORATION v. W. K. DENNIS AND J. E. UZZLE, TRADING AS W. K. DENNIS ROOFING AND MANUFACTURING COMPANY.

(Filed 4 April, 1928.)

**Corporations—Incorporation and Organization—Right to Sell Stock in Prospective Corporation—Statutes.**

Notes given for the purchase of shares of stock in a corporation being organized are not void for noncompliance with the provisions of C. S., 6363, 6367, when the shares were not put upon the market by agents, or commissions paid to anyone for procuring subscriptions thereto. *Hotel Corporation v. Bell*, 192 N. C., 620, cited and distinguished.

APPEAL by plaintiff from *Barnhill, J.,* at September Term, 1927, of DURHAM. Reversed.

Action to recover upon note alleged to have been executed by defendants. The consideration for said note is the purchase price of shares of stock of plaintiff corporation, alleged to have been subscribed for by defendants prior to the organization of plaintiff corporation. Defendants deny that they subscribed for said shares of stock, or that they executed the note sued on.

Plaintiff was not licensed, in accordance with the provisions of C. S., 6363, at the date of said subscription agreement and note, to sell its stock. Neither the said note nor the said subscription agreement complies with the requirements of C. S., 6367.

The court was of opinion that upon all the evidence, both said statutes are applicable in this action, and that, therefore, plaintiff is not entitled to recover upon the note. In accordance with said opinion, defendants' motion for judgment as of nonsuit, at the close of all the evidence, was allowed.

From judgment dismissing the action, as upon nonsuit, plaintiff appealed to the Supreme Court.

*J. L. Morehead for plaintiff.*
*William B. Guthrie for defendants.*

CONNOR, J. This case is readily distinguishable from *Hotel Corporation v. Bell,* 192 N. C., 620.

That case was heard in the court below upon a statement of facts agreed. The plaintiff had entered into a contract with the Hockenberry System, Inc., relative to the procurement of subscriptions for its stock. We said: "While it may be doubted whether the contract between the Burlington Hotel Corporation and the Hockenberry System, Inc., as set out in the statement of agreed facts, constituted the Hockenberry System, Inc., the agent of the plaintiff, for the sale of its stock, the parties hereto have agreed that the said Hockenberry System, Inc., was employed to sell stock, and received a commission for the sale of stock to the defendant." We, therefore, held that C. S., 6363, and C. S., 6367, were applicable to the transaction set out in the record and to the subscription agreement upon which plaintiff sought to recover in that action. Neither the plaintiff nor the Hockenberry System, Inc., had been licensed to sell stock of plaintiff corporation, as required by C. S., 6363. The subscription agreement signed by defendant did not comply with the requirements of C. S., 6367. The judgment that plaintiff was not entitled to recover of the defendant in that action was therefore affirmed.

In the instant case, plaintiff had not procured license to sell stock as required by C. S., 6363. Nor does the note sued upon, or the subscription agreement for the stock, alleged to have been signed by defendants, comply with the requirements of C. S., 6367. However, upon the uncontradicted evidence, plaintiff did not put its stock on the market for sale by agents, nor were commissions paid to anyone for procuring the stock subscription from defendants, or from others. We are, therefore, of the opinion that neither C. S., 6363, nor C. S., 6367, is applicable to the note upon which plaintiff seeks to recover in this action.

For error in holding that said statutes are applicable in this action, and in the judgment dismissing the action, the judgment must be reversed. Attention is directed, in this connection to chapter 149, Public Laws 1927, sec. 4, subsec. 7, by the provisions of which transactions such as that out of which this action arises are exempt from the requirements of the "Capital Issues Law. C. S., 6363, and C. S., 6367, as amended by subsequent statutes are expressly repealed by section 26, subsec. (e) of chapter 149, Public Laws, 1927.

This action is remanded to the Superior Court of Durham County in order that the issues involving other defenses to plaintiff's recovery may be tried and determined.

Reversed.