### DURHAM CITIZENS HOTEL CORPORATION v. W. W. DRAKEFORD.

(Filed 24 October, 1928.)

(For digest on see *Hotel Corporation v. Dennis*, 195 N. C., p. 420.)

APPEAL by defendant from judgment of Superior Court of DURHAM, March Term, 1928. No error.

Action upon note, executed by defendant and payable to order of plaintiff for $600. Two payments, aggregating $120, were made by defendant and duly credited on said note.

The action was tried at November Term, 1927, before *Barnhill, J.*, and a jury. By consent, motions with respect to the verdict then returned by the jury, were continued to be heard and passed upon at a subsequent term of the court.

At March Term, 1928, defendant's motion that the verdict returned at November Term, 1927, be set aside, was denied by *Bond, J.*

From judgment on the verdict set out in the record, upon motion of plaintiff, defendant appealed to the Supreme Court.

*J. L. Morehead and W. H. Murdock for plaintiff.*
*J. Grover Lee and R. O. Everett for defendant.*

PER CURIAM. We find no error in the trial of the issues submitted to the jury in this case. These issues arise upon the pleadings. There was no evidence tending to sustain the defenses relied upon by defendant. The issues tendered by defendant involving these defenses were properly refused. The court heard the evidence which defendant proposed to offer, in the absence of the jury, and correctly ruled that this evidence did not tend to support the affirmative of the issues tendered.

In his answer, defendant denied that he executed the note sued on; however, in his testimony as a witness in his own behalf, he admitted that he did execute the note, and that he had made two payments thereon. There was no evidence tending to show that the citizen of Durham, who solicited defendant to subscribe for stock in plaintiff corporation, and to execute his note in payment of said stock, received any commission for the sale of the stock to plaintiff or to any one else. The organization of plaintiff corporation was a community enterprise; those who undertook the promotion of such enterprise did so because of their civic pride and public spirit. There was affirmative evidence to this effect which was not contradicted.

Upon the facts of this case we do not think the remark of the judge, in his charge to the jury, was prejudicial to defendant. This remark was an obvious truth both as a proposition of law and as a principle of morality. Defendant's assignment of error, based upon exceptions to this remark, cannot be sustained.

The judgment is affirmed upon the authority of *Hotel Corporation v. Dennis,* 195 N. C., 420, 142 S. E., 578.

No error.