### T. G. HYMAN v. N. L. BROUGHTON.

(Filed 3 April, 1929.)

1. **Sales A a—Evidence of total worthlessness of article sold admissible to show failure of consideration—Warranties.**

   Where a seller contracts for the sale of a cotton gin and delivers to the purchaser an article that is worthless except for junk, there is a failure of consideration, and evidence that the gin was worthless except for junk is admissible in the seller's action for the purchase price.

2. **Sales H d—Vendee may not set up counterclaim for 'breach of warranty when contract contains no express warranty and excludes parol.**

   The vendee may not recover damages for the delivery of a cotton gin on the ground that it was inferior in quality to the one purchased in the face of a stipulation in the written contract of sale that any agreement, verbal or otherwise, not in the writing would not be considered.

3. **Sales H e—When the article sold is worthless vendee is not bound by stipulation that notice of defect be given vendor—Fraud.**

   Where the article sold is worthless there is a failure of consideration and the vendee may resist the vendor's action for the purchase price without alleging or proving fraud in the procurement of the contract or compliance with a stipulation of the contract requiring notice of defects and an opportunity to remedy same, be given the vendor.

1—197

CIVIL ACTION, before *Nunn, J.,* at November Term, 1928, of CRAVEN.

The plaintiff instituted an action against the defendant to recover the sum of $2,000 evidenced by four promissory notes in the sum of $500 each. The notes were given in payment of the purchase price of a certain gin sold by the plaintiff to the defendant. The contract of sale was in writing, containing the usual stipulation that "no agreement, oral or otherwise, other than is set forth herein, forms any part of this contract." The defendant admitted the execution of the notes, but denied that he was indebted to the plaintiff by reason of the fact that the plaintiff "represented, warranted and guaranteed . . . a certain gin equipment; . . . that same was practically new and in number one condition, . . . when in truth and in fact said gin and equipment was in bad condition; . . . that said engine is still unsatisfactory and cannot be operated but a very short time without overheating and is not only unsatisfactory, but worthless and of no value."

The defendant further alleged "that by reason of the wrongful misrepresentation by the plaintiff and breach of said warranties, all of which were relied on by the defendant, the defendant has sustained a loss of $700, money expended on repairs and transportation, and $2,000 loss of earnings on account of not being as represented and warranted," etc.

There was a written warranty on the back of the sales contract providing in substance that if the machinery did not give satisfaction notice should be given in a reasonable time to enable the vendor to remedy any defect. The defendant offered evidence tending to show that the vendor was informed of the purpose for which this machinery was to be used, and that it could not be used during the season at all; that the motor could not be put in condition to run; that the motor could not be started." All of this testimony was excluded by the court.

One witness for defendant testified that he "did not consider the engine worth anything—only junk." Another witness testified: "Engine worth only junk price at time I started to work on it. Worthless as a running engine."

At the conclusion of the testimony the trial judge directed the jury to answer the issue in favor of plaintiff in the sum of $2,000 with interest.

From judgment rendered the defendant appealed.

*Whitehurst & Barden for plaintiff.*
*T. A. Banks, Ward & Ward and Smith & Joyner for defendant.*

BROGDEN, J. The contract of sale was in writing and contained the usual stipulation that no oral agreement formed any part of the contract. The allegations in the counterclaim or cross-action of defendant

are not sufficient to raise the issue of fraud in the inducement of the contract. *Colt v. Kimball,* 190 N. C., 169, 129 S. E., 406; *Colt v. Conner,* 194 N. C., 344, 139 S. E., 694. However, the defendant contends that in all sales of personal property without inspection there is an implied warranty that the property can be used for the purpose for which it was purchased. It is to be observed that there was an express warranty contained in the contract. The law is that "an express warranty of quality will exclude an implied warranty of fitness for the purpose intended; but an express warranty on one subject does not exclude an implied warranty on an entirely different subject, an illustration of the latter being, that an express warranty of title will not exclude an implied warranty of soundness or merchantability. We have recognized the principle that there can be no implied warranty of quality in the sale of personal property where there is an express warranty, and that where a party sets up and relies upon a written warranty he is bound by its terms and must comply with them *(Main v. Griffin,* 141 N. C., 43), and the further principle, applied by us in that case, that a failure by the purchaser to comply with the conditions of the warranty is fatal to a recovery for breach of the warranty in an action on it, or where, as in this case, damages for the breach are pleaded as a counterclaim in an action by the seller for the purchase money." *Guano Co. v. Livestock Co.,* 168 N. C., 442, 84 S. E., 774.

The defendant in his counterclaim or cross-action does not allege or offer evidence tending to show that notice was given to the vendor as required by the written warranty, but the defendant says that this principle does not apply because the property was utterly worthless and that he attempted to offer competent evidence to that effect, which was erroneously excluded by the court. This aspect of the case is governed by the principle declared in *Swift v. Aydlett,* 192 N. C., 330, 135 S. E., 141. "It ought not and cannot be held as law that a vendor who has sold a well-known article which has value only for a definite, specific purpose, by implication of law, warrants that the article delivered is the article sold, and may in the contract of sale stipulate that he shall be relieved of his obligation to deliver the very article which he has agreed to deliver in performance of his contractual obligation." In other words, if a vendor contracts to sell a gin, he cannot receive the purchase money for a gin and deliver junk. Such transaction would result in a total failure of consideration for the note evidencing the purchase price. Of course, in the absence of fraud, the defendant cannot recover upon his counterclaim in the light of the facts presented in the record, merely because the gin was of poorer quality of workmanship than he anticipated. His right to recover upon the record as now presented depends

STATE *v.* LUMBER COMPANY.

entirely upon the application of the principles of law announced in the *Aydlett case, supra,* and the case of *Furniture Co. v. Mfg. Co.,* 169 N. C., 41, 85 S. E., 35.

The evidence of the worthlessness of the property or total failure of consideration of the note sued on should have been submitted to the jury with proper instructions from the court. Failure to do so constituted error, and a new trial is awarded.

New trial.