ELIZABETH CITY HOTEL CORPORATION v. T. L. OVERMAN.

(Filed 23 September, 1931.)

1. **Corporations D h—Evidence of promissory representations is insufficient to establish fraud in procurement of subscription to stock.**

   Where, in an action to enforce a written agreement for the subscription of stock in a corporation to be formed, the defendant sets up the defense that his signature to the agreement was procured by false and fraudulent representations, evidence tending only to show that the representations were all promissory in their nature is insufficient to support his defense.

2. **Same—Evidence of parol representations prior to execution of written stock subscription agreement held incompetent.**

   Where an agreement for the subscription of stock in a corporation to be formed is in writing and expressly provides that the entire contract

is expressed in the writing, parol evidence of promissory representations theretofore made is incompetent as tending to vary the terms of the written instrument, all prior or contemporaneous oral agreements being merged in the written contract.

3. **Corporations D f—Where sellers of stock receive no compensation or commission provision of Capital Issues Law does not apply.**

Where those soliciting subscriptions for shares of stock in a domestic corporation to be formed are not paid any compensation, commissions or remuneration for or in connection with the sale or disposition of the stock, a sale by them does not fall within the provisions of section 8, chapter 190 of the "Capital Issues Law" of North Carolina, nor is this result affected by the fact that the corporation after its formation paid a certain sum of money to a special and distinct agency for its services in making an investigation of the desirability of forming such a corporation. Section 4, sub-sec. 8, ch. 190, Public Laws of 1925.

APPEAL by defendant from *Moore, Special Judge,* at May Term, 1931, of PASQUOTANK. No error.

This is an action to recover on a stock subscription agreement executed by the defendant on 11 May, 1926. The agreement is in writing, and was executed by defendant prior to the incorporation of plaintiff. Plaintiff is a domestic corporation, organized under the laws of this State.

By the terms of said agreement, defendant subscribed for ten shares of the preferred and five shares of the common stock of plaintiff; he promised to pay to plaintiff for said shares of stock, the sum of $1,000, in monthly installments as set out in the agreement. None of the installments has been paid. The final installment was due and payable on 20 July, 1927. This action was begun on 10 April, 1929.

In his answer, the defendant admitted the execution by him of the stock subscription agreement as alleged in the complaint. He relied upon two defenses, (1) that the execution of the agreement was procured by false and fraudulent representations, as specifically alleged in his answer; and (2) that the stock subscription agreement is null and void for that it fails to comply with certain provisions of chapter 190, Public Laws 1925, known as the "Capital Issues Law of North Carolina."

The stock subscription agreement, which was offered in evidence at the trial, contains a paragraph at the end thereof as follows:

"(6) No representations, statements or agreements other than as herein recited have been made, or are binding on said corporation, and my entire contract is herein expressed."

The representations alleged in the answer are not recited in said agreement. All these representations are promissory in their nature. As a witness in his own behalf at the trial, defendant testified that he

can read and write, and that he read the "bottom of the agreement" before he signed the same. There was no evidence tending to show that defendant, at the time he signed the agreement, was prevented from reading the entire agreement. On objection by the plaintiff, evidence offered by defendant tending to support the allegations in his answer with respect to the representations, was excluded. Defendant excepted to the exclusion of this evidence.

Section 8 of chapter 190, Public Laws 1925, known as the "Capital Issues Law of North Carolina," and governing the sale in this State of stocks, bonds and other securities at the date of the execution of the stock subscription agreement sued on in this action, contains the following statutory requirement:

"The contract of subscription or of sale shall be in writing, and shall contain a provision in the following language:

'No sum shall be used for commissions, promotion and organization expenses on account of the sale of any securities offered for sale by this company in excess of five per centum of the amount actually paid upon separate subscriptions for such securities.' "

This provision is not contained in the stock subscription agreement sued on in this action. However, subsection 8 of section 4 of chapter 190, Public Laws 1925, expressly exempts from the provisions of the Capital Issues Law, "subscriptions for shares of the capital stock of a domestic corporation prior to the incorporation thereof, when no expense is incurred, and no commission, compensation, or remuneration is paid, or given for, or in connection with, the sale or disposition of such securities."

The evidence at the trial showed that defendant subscribed for the shares of the capital stock of plaintiff upon the solicitation of a citizen of Elizabeth City, who received no commission or other compensation for procuring the execution by defendant of the stock subscription agreement. This citizen was acting for and in behalf of a committee known as the "Elizabeth City Hotel Committee." This committee received no commission or other compensation for the sale of the capital stock of plaintiff. The committee was composed of citizens of Elizabeth City, who were interested primarily in the building of a hotel in Elizabeth City as a community enterprise. The committee was organized for the purpose of investigating the conditions in Elizabeth City, and determining whether such conditions justified the building of a new hotel in said city.

On 23 November, 1925, the "Elizabeth City Hotel Committee" entered into a contract with the Hockenbury System, Incorporated, by the terms of which the said Hockenbury System, Incorporated, agreed to

make a survey of the conditions in Elizabeth City, affecting the proposition under consideration by the committee, and to report to said committee the facts disclosed by said survey. It was agreed that if the committee, after receiving the report of the Hockenbury System, Incorporated, should decide to proceed with its plans to organize a corporation for the purpose of building a hotel in Elizabeth City, and to solicit subscriptions from citizens of said city for shares of the capital stock of such corporation, certain commissions should be paid by the committee to the Hockenbury System, Incorporated, for its services in making the survey and report, and for other services to be rendered by said Hockenbury System, Incorporated. After the plaintiff corporation was organized, the sum of $14,500 was paid to the Hockenbury System, Incorporated, for its services in accordance with the contract. The defendant was represented by proxy at the organization meeting of the plaintiff corporation. It does not appear that defendant objected to the payment by the corporation of the amount due the Hockenbury System, Incorporated, under its contract with the "Elizabeth City Hotel Committee."

At the close of all the evidence, an issue was submitted to the jury as follows: "What sum, if any, is plaintiff entitled to recover of the defendant?"

The court instructed the jury as follows: "Gentlemen of the jury, if you believe the evidence and find the facts to be as it tends to show, your answer to the issue will be $1,000, with interest; otherwise, you will answer the issue, 'Nothing.'" Defendant excepted to this instruction.

The jury answered the issue, "$1,000, with interest."

From the judgment in accordance with the verdict, defendant appealed to the Supreme Court.

*J. H. LeRoy, Jr., and McMullan & McMullan for plaintiff.*
*M. B. Simpson and Thompson & Wilson for defendant.*

CONNOR, J. On his appeal to this Court, the defendant relies chiefly on his exceptions to the exclusion of evidence tending to show that oral representations were made to him as inducements for his execution of the stock subscription agreement, which is in writing, and to the instruction of the court to the jury that if they believed all the evidence and found the facts to be as the evidence tended to show, they should answer the issue, "$1,000, and interest"; and that, otherwise, they should answer the issue, "Nothing." Neither of the assignments of error based on these exceptions can be sustained.

It is sufficient to say that the oral representations which the excluded evidence tended to show were made to the defendant prior to his execution of the stock subscription agreement, are all promissory in their nature. They are, therefore, not sufficient as a foundation for the first defense relied on by the defendant. *Colt v. Conner,* 194 N. C., 344, 139 S. E., 694; *Colt v. Springle,* 190 N. C., 229, 129 S. E., 449; *Pritchard v. Dailey,* 168 N. C., 330, 84 S. E., 392; *Cash Register Co. v. Townsend,* 137 N. C., 652, 50 S. E., 306.

In the absence of evidence tending to show that the execution of the stock subscription agreement was procured by false and fraudulent representations, the evidence offered by the defendant was incompetent for that it tended to vary the terms of stock subscription agreement which is in writing. In *Raleigh Improvement Co. v. Andrews,* 176 N. C., 280, 96 S. E., 1032, it is said: "The fact that this is a subscription for stock does not take the case out of the usual rule. It seems to be generally agreed that when a subscription contract is reduced to writing and signed, all oral agreements, whether prior or contemporaneous, are merged in it, and parol evidence of them cannot be received to vary the legal import of the writing."

In addition to the foregoing reasons, the evidence was properly excluded, because defendant had expressly agreed that his entire contract was expressed in the agreement which he had signed. *Colt v. Kimball,* 190 N. C., 169, 129 S. E., 406.

There was no error in the instruction of the court to the jury, for all the evidence, if believed, shows that the transaction resulting in the subscription by defendant for shares of the capital stock of plaintiff corporation, was exempt from the provisions of the Capital Issues Law of North Carolina, in force at the date of the subscription. Subsection 8, of section 4, chapter 190, Public Laws 1925.

No expense was incurred, and no commission, compensation or remuneration was paid or given for, or in connection with, the sale or disposition of the stock of plaintiff, a domestic corporation. The subscription was made prior to the incorporation of plaintiff. On the facts shown by all the evidence, the transaction was exempt from the statute, by its express provisions. See *Durham Citizens Hotel Corporation v. Drakeford,* 196 N. C., 808, 145 S. E., 921, and *Durham Citizens Hotel Corporation v. Dennis,* 195 N. C., 420, 142 S. E., 578.

The amount paid by the plaintiff corporation to the Hockenbury System, Incorporated, after its incorporation, was for services rendered to the Elizabeth City Hotel Committee, which alone, through its agents, solicited subscriptions to the capital stock of plaintiff. Neither the committee nor its agents were paid commissions for soliciting subscriptions.

There was no evidence tending to show that the Hockenbury System, Incorporated, was paid any sum by the committee or by the plaintiff for or in connection with the sale of shares of the capital stock of plaintiff corporation. The judgment is affirmed.

No error.