### J. B. COLT AND COMPANY v. W. C. NORWOOD AND MRS. W. C. NORWOOD.

(Filed 8 January, 1932.)

**Cancellation and Rescission of Instruments A b—Contract may not be set aside for promissory misrepresentations.**

> While a contract may ordinarily be set aside for fraud, misrepresentations of a promissory nature are not embraced in the rule.

APPEAL by defendants from *Stack, J.,* at May Term, 1931, of UNION. Affirmed.

*Gillam Craig for plaintiff.*
*Vann & Milliken for defendants.*

PER CURIAM. The parties entered into a written agreement by the terms of which the plaintiff sold and the defendants purchased a carbide lighting plant. The machinery and all the materials were delivered to the defendants who refused to pay the purchase price or to execute promissory notes according to their agreement. The plaintiff brought suit and the defendants pleaded fraud. The Superior Court rendered judgment for the plaintiff on the pleadings, and the defendants excepted and appealed.

In their answer the defendants set up alleged false representations made by the plaintiff's agent.

A contract if vitiated by fraud may ordinarily be attacked and set aside. But there may be representations which, though not correct, are not embraced in this rule; such, for example, as promissory statements which have reference to the future. We agree with his Honor in saying that the representations set forth in the answer of the defendants are in this class. The subject is discussed and controlling cases are cited in *Colt v. Conner*, 194 N. C., 344. Besides, the defendants "warranted" that they did not rely on the agent's representations.. Judgment

Affirmed.