STACY, C. J., dissenting.
WINBORNE and DENNY, JJ., concur in dissenting opinion.
The plaintiff brought this action to recover a balance of $549.98, and interest, alleged to be due on the purchase price of laundry machinery sold to the defendant under a written sales contract, accompanied by installment notes. The defendant denied the indebtedness, and by way of affirmative relief demanded $591.75 damages by reason of fraud alleged to have been practiced upon it in the sale — "false and fraudulent representations, warranties and guarantees" made by the agent of the plaintiff, which it is alleged induced the defendant to purchase the machinery and make certain payments upon it. The allegation is as follows:
". . . the representative and agent of the defendant, one H. T. Radermacher, approached this defendant with the suggestion that defendant purchase from the plaintiff certain new equipment to replace the equipment above named, which equipment then owned and being operated by the defendant was in good condition and sufficient to do the work for which it was used, but the said agent and representative of the defendant represented to this defendant and guaranteed and warranted to him that the equipment which it was proposed to sell to this defendant was of superior and advanced design, and could and would do the work of defendant in a better and more economical manner, and that relying upon the aforesaid representations, warranties and agreements that the said machinery was in accordance with what it was represented to be, and would do the work of this defendant in a better and more economical manner than the machinery then owned by him, and which said representations, guarantees and warranties were the material inducement upon which this defendant purchased said machinery, this defendant ordered from the plaintiff, through its said representative and agent Radermacher the machinery described and referred to in the complaint herein, and at the same time executed a written order therefor, which he is now advised is also a conditional sales contract, for which said equipment plaintiff was to charge and the defendant was to pay to the plaintiff the machinery above described which he then had on hand, and the additional sum of $1,141.73 in monthly installments. That at the time of the aforesaid agreement and order, this defendant contracted and agreed to buy the aforesaid machinery and equipment solely upon the representations, warranties and guarantee of the plaintiff made by and through its agent, the said Radermacher, that the same when shipped would be as the said plaintiff represented and warranted the same to be, and would do the work for which defendant was purchasing the same in a more economical and better manner than the machinery defendant then had on hand. . . . That immediately when the same was received and installed, defendant ascertained that the said machinery and equipment was not in accordance with the representations, promises, *Page 287 
warranties and guarantees made to him by the said plaintiff, and that the same could not do the work for which defendant required the same in a more economical and better manner than defendant's old equipment . . ."
There was a written contract of purchase purporting to cover the entire agreement and containing the following provisions:
"This conditional sales contract constitutes and expresses the entire agreement between the parties; all previous memorandums, either written or oral, are hereby abrogated. There are no representations, agreements, promises or warranties relating to the subject matter of this contract other than those expressed herein." The contract was signed by both plaintiff and defendant in the presence of a witness. It contains no representations, warranties or guarantees such as were alleged to have been made by plaintiff's selling agent, Radermacher.
On the trial the defendant admitted making the contract and executing the installment notes, and assumed the burden of establishing his "further defense."
Pertinent to the alleged representations of Radermacher, the defendant was permitted to testify over the objection of the plaintiff, as follows:
"Q. What representations, if any, did he make about the kind of work they would do and the manner they would do it and the economy in operation?
"A. He said it would do better work, more economically and with less labor." Plaintiff excepted.
Again, the defendant was permitted to testify, over objection, as follows:
"Q. How does the old Prosperity presses, he told you to junk or continue to use, compare with the stuff you bought to take the place of it, how does it operate?
"A. They give me less trouble than the new ones; I have to work on the new presses two or three times to once on the old ones." Plaintiff excepted.
Numerous exceptions were taken to the charge, which, for the most part, were intended to preserve plaintiff's position that the representations of Radermacher could not be held for actionable fraud and could not be admitted as warranties against the terms of the written instrument. Some were addressed to other phases of the case. They may be disregarded here as not pertinent to the decision.
The following issues were submitted to the jury, and answered as indicated:
"1. Was the execution of the said sales contract and notes, described in the pleadings, induced by the fraudulent misrepresentations of the plaintiff, as alleged by the defendant in his answer?
"Answer: Yes. *Page 288 
"2. If so, what amount of damages, if any, is the defendant entitled to recover of the plaintiff?
"Answer: $549.98."
Plaintiff moved to set aside the verdict and for a venire de novo for errors committed during the trial. The motion was denied and the plaintiff excepted. To the signing of the judgment, plaintiff objected and excepted, and appealed to this Court.
The appellant has made many assignments of error covering exceptions to the admission of evidence and to the instructions given to the jury. Most of them, but by no means all, are intended to protect the view taken by the plaintiff that the theory on which the case was tried was erroneous, and, therefore, led to numerous and persistent errors throughout the trial. The main objection to the trial, and the one which may be determinative of the controversy, is the refusal of the court to nonsuit the defendant's cross action based on the allegedly false representations of plaintiff's sales agent, whereby defendant was induced to purchase the machinery, the subject of the controversy; and the refusal to enter judgment for the plaintiff upon the pleadings and admissions of the defendant in his answer and upon the trial.
Our first inquiry, therefore, is whether these representations, conceding them to have been made, can be held to constitute actionable fraud.
While these representations, as alleged in the complaint and testified to by plaintiff, are called "representations, warranties, and guarantees." (sic) — indicating how they appeared to complainant — the labels may not be of decisive importance; but it is important to distinguish between the legal effect of fraud in the inducement, which vitiates the contract, and a parol warranty, which would have to be set up by amendment or contradiction of the written instrument. Furst v. Merritt,190 N.C. 397, 130 S.E. 40. Such a warranty, in the absence of fraud in the inducement, which would render the contract void, cannot be asserted by parol; not merely because the instrument here contains a positive agreement that all the representations are contained in the written instrument, but because the instrument is presumed to contain all the agreement, and there is nothing in the written contract to indicate any incompleteness. McLainv. Ins. Co., 224 N.C. 837, 840, 32 S.E.2d 592; Coppersmith v. Ins.Co., 222 N.C. 14, 17, 21 S.E.2d 838; Colt v. Conner, 194 N.C. 344,139 S.E. 694; Colt v. Springle, 190 N.C. 229, 129 S.E. 449; MurrayCo. v. Broadway, 176 N.C. 149, 96 S.E. 990; *Page 289 Harvester Co. v. Carter, 173 N.C. 229, 91 S.E. 840; Guano Co. v.Livestock Co., 168 N.C. 442, 84 S.E. 774; Unitype Co. v. Ashcraft,155 N.C. 63, 66, 71 S.E. 61; Machine Co. v. McClamrock, 152 N.C. 405,67 S.E. 991. As a matter of fact and legal inference, the parol evidence offered by the defendant does "vary, add to, or contradict" the written instrument, and, as we have indicated, could only be admitted on the theory that the representations constitute fraud in the inducement and destroy the contract.
Without attempting to resolve the indecision manifest in defendant's pleading and reflected throughout the trial, we examine the alleged representations in that light.
It has frequently been said, with reference, however, to the more general significance of the word, that there can be no all-embracing definition of "fraud" — but each case must be considered upon peculiar facts presented. 23 Am. Jur., Fraud and Deceit, sec. 2; Furst v.Merritt, supra. However, as the subject becomes more narrowly classified when we deal with particular acts alleged to be fraudulent, and more concrete rules may be applied, making the term more definitive in its content and meaning in the eyes of the law, and limiting its sufficiency as a basis of action or defense. As to positive representations constituting actionable fraud, the best known and most widely used definition of a false representation — and the one which we think comes closet to bedrock — requires it to be "a false representation of a subsisting fact."Cash Register Co. v. Townsend, 137 N.C. 652, 50 S.E. 306.
It is true that even under such guidance, judicial precedents, hastily examined, appear to drag the subject back and forth across the line, on similar factual situations, according as a supposed sense of justice might require in each particular case, without much regard for the syllogism: and that is true in cases dealing with the sale of machinery or mechanical devices where dissatisfaction with the bargain so often develops. HarvesterCo. v. Carter, supra; Pate v. Blades, 163 N.C. 267, 79 S.E. 608;Machine Co. v. McKay, 161 N.C. 584, 77 S.E. 848; Machine Co. v.Bullock, 161 N.C. 1, 76 S.E. 634; Unitype Co. v. Ashcraft, supra;Machine Co. v. Feezer, 152 N.C. 516, 67 S.E. 1004; Cash Register Co. v.Townsend, supra.
If contradiction may be found in some of these cases, it is not necessary that we follow those less inclined to protect, against parol evidence, the integrity of contracts which have been reduced to writing, and thus, in trying to prevent fraud on the one part, open an even wider door for its perpetration on the other.
Ordinarily, a mere statement of opinion cannot be held for fraud. The Court is aware that there are exceptions to the rule and also *Page 290 
cognizant of the exceptional circumstances which give rise to them. MachineCo. v. Feezer, supra. We do not think they appear in the instant case.
There is throughout the judicial treatment of this subject a manifest attempt to follow the definition which we have given, and where the representations held for fraud are partially or wholly stated in the outward form of an opinion, they will be found to relate to some essential character, quality or capacity inherent in the machines sold, absolute in their nature and indistinguishable from factual statements. Machine Co. v.Feezer, supra; Machine Co. v. McKay, supra. Without going into a dialectic discussion of what may be a fact and what may not be a fact, we are convinced the representations upon which the defendant relies stand too far away from factual misrepresentations to constitute actionable fraud.Harvester Co. v. Carter, supra; Cash Register Co. v. Townsend, supra. At most, they are mere comparisons of one kind of machinery with another, of purely relative import, much as if a trader said to a prospect: "My horse is better than the one you have, will do more work, and save you money." In any other view, they are merely promissory statements which cannot be held for factual misrepresentations.
In principle the representation under review is more like that in CashRegister Co. v. Townsend, supra (approved and distinguished in Machine Co.v. Feezer, supra), as to which Judge Brown, speaking for the Court, said: "What has been called `promissory representations,' looking to the future as to what the vendee can do with the property, how much he can make on it, and, in this case, how much he can save by the use of it, are on a par with false affirmations and opinions as to the value of property, and do not generally constitute legal fraud"; citing Benjamin on Sales (7th Ed.), 483,et seq.; Gordon v. Parmele, 2 Allen (Mass.), 212; Long v. Woodman,58 Me. 52, and cases there cited; and upon these authorities, observes: ". . . commendatory expressions or exaggerated statements as to value or prospects, or the like, as where a seller puffs up the value and quality of his goods or holds out flattering prospects of gain, are not regarded as fraudulent in law." Such statements were held not to be misrepresentations of a "subsisting fact."
Since we are of opinion that the representations attributed to Radermacher cannot be held to constitute actionable fraud, it follows that defendant's further defense, based entirely upon such representations, cannot avail him. Upon the admissions of the defendant in the pleadings and upon the trial, plaintiff was entitled to the relief demanded in his complaint, and the trial court erred in refusing to sign the tendered judgment. The cause is remanded for judgment in accordance with this opinion.
Error and remanded. *Page 291